IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KATHERINE KELLER, et al.,<br>　　　Plaintiffs,<br><br>　　　v.<br><br>DIVERSICARE OF COUNCIL GROVE, LLC, et al.,<br>　　　Defendants. | Case No. 23-2556-JWB-ADM |

**ORDER TO SHOW CAUSE**

Plaintiffs' complaint purports to invoke the court's diversity jurisdiction over this action. Diversity jurisdiction requires complete diversity of citizenship between all plaintiffs and all defendants. 28 U.S.C. § 1332(a); s*ee also Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013) ("Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant."). The court has an independent obligation to satisfy itself that subject-matter jurisdiction is proper. *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). If the court determines that it lacks subject-matter jurisdiction, it "must dismiss the cause at any stage of the proceedings." *Penteco Corp., Ltd. P'ship v. Union Gas Sys.*, 929 F.2d 1519, 1512 (10th Cir. 1991); *see also* FED. R. CIV. P. 12(h)(3) (same).

Federal Rule of Civil Procedure 7.1(a)(2) attempts to aid the court's jurisdictional determination by requiring parties in diversity cases to file disclosure statements that "identify the citizenship of every . . . entity whose citizenship is attributed to that party." On January 29, 2024, defendants filed their disclosure statement. (ECF 7.) The statement, however, does not include factual allegations sufficient for the court to identify the citizenship of each defendant. Indeed, defendants have only properly identified the citizenship of Diversicare Healthcare Services, Inc.

As to the limited liability company ("LLC") and limited partnership ("LP") defendants, defendants have not disclosed facts that sufficiently identify their citizenship. The citizenship of such unincorporated parties is determined by the citizenship of each one of their members. *Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1014-15 (2016); *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015); *Meyerson v. Showboat Marina Casino P'ship*, 312 F.3d 318, 320 (7th Cir. 2002). Where, for example, an LLC has another LLC as one of its members, "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be to determine the citizenship of the LLC." *CU Capital Mkt. Sols., LLC v. Olden Lane Sec., LLC*, No. 18-2597-DDC-KGG, 2019 WL 2612940, at *6 (D. Kan. June 26, 2019) (internal quotations omitted). Defendants have identified the members of the LLC and LP defendants, but they do not disclose facts that identify the citizenship of the members, and, to the extent that any member is also an unincorporated association, the citizenship of that entity's members, and so on as to any additional layers of unincorporated associations. The disclosure statement, therefore, does not sufficiently identify the citizenship of the unincorporated defendants.

The court therefore orders defendants to file an amended corporate disclosure statement that complies with Rule 7.1(a)(2) (*i.e.,* by identifying the citizenship of every entity whose citizenship is attributed to each defendant) by **March 20, 2024**.[1]

The court further orders plaintiffs to show cause in writing, within **one week** of defendants' filing of their amended corporate disclosure statement, why the court should not recommend that

---

[1] This corporate disclosure statement also must identify any parent corporation and any publicly held corporation owning 10% or more of its stock or state that there is no such corporation. FED. R. CIV. P. 7.1(a)(1).

the district judge dismiss this case without prejudice for lack of subject-matter jurisdiction. Any response to this show-cause order must point to factual allegations that, if true, would establish complete diversity of citizenship.

**IT IS SO ORDERED.**

Dated March 7, 2024, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge