UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KATHERINE KELLER, as the surviving child
of decedent Treva Stuck, et. al.,

                Plaintiffs,

vs.

DIVERSICARE OF COUNCIL GROVE, LLC,
et. al.,

                Defendants.

Case No. 23-2556-JWB-ADM

**MEMORANDUM AND ORDER**

On December 15, 2023, Katherine Keller ("Keller") filed this action as both the heir of decedent Treva Stuck ("Ms. Stuck") and as the "soon to be appointed special administrator" of Ms. Stuck's estate ("the Estate"). Keller named five related entities as defendants: Diversicare of Council Grove, LLC, Diversicare Kansas, LLC, Diversicare Healthcare Services, Inc., Diversicare Management Services LP, and Diversicare Healthcare Services LLC (collectively, "defendants"). Keller's complaint asserted a claim on her own behalf (as heir) for wrongful death and a claim on the Estate's behalf for Ms. Stuck's pain and suffering. The case is now before the court on Keller's motion for leave to file an amended complaint. (ECF 33.) By way of the motion, Keller seeks leave to file an amended complaint that changes her designation from "soon to be appointed special administrator" to "special administrator" for purposes of the Estate's claim, dismisses two defendants, and makes a few other minor changes. For the reasons discussed below, the motion is granted.

## I. BACKGROUND

Plaintiffs' complaint alleges that Ms. Stuck, while she was a resident at defendants' nursing facility, suffered a fall on December 31, 2021. On January 11, 2022, she died from injuries sustained during the fall. Ms. Stuck's husband, George Stuck ("Mr. Stuck"), opened a probate estate on November 28, 2023, by filing a petition for appointment of special administrator in the Lyons County, Kansas, District Court. The Lyons County court appointed Mr. Struck as the special administrator of the Estate. The record is unclear as to whether the court made that appointment on December 12, 2023, or on February 5, 2024, and the parties disagree on the correct date. (*Compare* ECF 37-6 with ECF 37-8 and 37-9.)

Keller filed this action on December 15, 2023. As noted above, Keller purported to bring claims both on her own behalf and on the Estate's behalf, naming herself as the "soon to be appointed special administrator of the Estate." As it pertains to the Estate, the complaint asserted a claim for Ms. Stuck's pain and suffering. (ECF 1, at 22-25.) Keller states that Mr. Stuck initially was appointed the special administrator because Keller was having "health issues." (ECF 38, at 2 n.3.) But on September 4, the Lyons County court appointed Keller as the successor special administrator of the Estate. (ECF 38-2.) Keller's motion now seeks leave to file an amend complaint that changes the capacity in which she brings the Estate's claim. The proposed amended complaint also drops two currently named defendants and deletes references to Ms. Stuck's risk of pressure injuries.

## II. ANALYSIS

The scheduling order set a deadline of May 17, 2024, for any motion to amend the complaint or to add parties. (ECF 16.) Where the scheduling-order deadline has expired, the party seeking leave to amend must (1) demonstrate good cause for modifying the scheduling order under

FED. R. CIV. P. 16(b)(4), and (2) satisfy the standards for amendment under FED. R. CIV. P. 15(a). *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). Whether to grant a motion to amend is within the court's sound discretion. *Id.*

**A. Keller has Been Appointed Special Administrator for the Estate**

Before reaching the Rule 16(b)(4) and Rule 15(a) analyses, the court briefly address the main argument defendants assert in opposition to the motion: that "Keller does not have the capacity to bring this claim as she is not . . . appointed as the Special Administrator of the Estate." (ECF 37, at 1.) Defendants contend that Mr. Stuck, not Keller, was the special administrator at the time Keller filed this suit on December 15. Likewise, when Keller filed the current motion on August 22 seeking leave to amend the complaint to add herself in her capacity as special administrator of the Estate, Keller had not been appointed the special administrator. (ECF 33, at 1.) However, on September 4, the Lyons County District Court did appoint Keller the special administrator, which mooted defendants' argument that Keller does not have the legal standing to prosecute claims on the Estate's behalf. At the present time, it appears Keller does have legal authority to act on the Estate's behalf.

**B. Keller has Shown Good Cause to Amend the Scheduling Order Under Rule 16(b)(4)**

A scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). "In practice, this standard requires the movant to show the scheduling deadlines cannot be met despite the movant's diligent efforts." *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988 (10th Cir. 2019) (quoting *Gorsuch*, 771 F.3d at 1241). "Trial courts have considerable discretion in determining what kind of showing satisfies this good cause standard." *Id.* (quoting 3 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE - CIVIL § 16.14[1][b] (3d ed. 2019)). Courts usually find good cause "when the moving party has been generally diligent, the

need for more time was neither foreseeable nor its fault, and refusing to grant the continuance would create a substantial risk of unfairness to that party." *Id.* The "good cause requirement may be satisfied [when a party] learns new information through discovery." *Gorsuch*, 771 F.3d at 1240.

Keller's opening brief asserts that she could not meet the scheduling order's May 17 amendment deadline because she was waiting on both the Kansas Medicaid agency and defendants to provide information necessary for her to evaluate the financial implications of "add[ing] an estate claim at all." (ECF 33, at 3.) This argument makes little sense because, as Keller recognizes later in her brief, the original complaint includes "a count for negligence brought by the estate." (*Id.* at 7.) The court construes the current motion (and proposed amended complaint) as seeking leave to change the legal capacity in which Keller proceeds on the Estate's claim, not to add a new claim altogether. Because Keller was not appointed the special administrator of the Estate until September 4, she could not have sought leave to make the requested party-capacity amendment by the May 17 deadline.

To the extent Keller's motion seeks to amend the complaint to change all references to Ms. Stuck's risk of "pressure injuries" to Ms. Stuck's risk of "falls/falling," the court also finds good cause to amend after the scheduling-order deadline. Keller has explained that only recently did her retained expert advise her counsel that "pressure injuries were not a meritorious part of this case." (ECF 38, at 2 n.2.) Although defendants broadly state that "[t]his factual information was available prior to the expiration of the deadline to amend the Complaint based on the medical

records exchanged" (ECF 37, at 2), Keller notes that Ms. Stuck's medical records reference "wound care," thereby indicating pressure injuries (ECF 38, at 2 n.2; ECF 38-1, at 4 & 5).

Keller has satisfactorily demonstrated good cause to amend the scheduling-order deadline.

**C. Amendment is Allowed under Rule 15(a)(2)**

The court next considers whether to grant leave to amend under FED. R. CIV. P. 15(a). Rule 15(a)(2) directs the court to "freely give leave [to amend] when justice so requires." In freely allowing leave to amend, the court provides litigants with "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Warnick v. Cooley*, 895 F.3d 746, 755 (10th Cir. 2018) (quoting *Minter v. Prime Equip. Co*., 451 F.3d 1196, 1204 (10th Cir. 2006)). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). Practically speaking, the party opposing a motion to amend bears the burden to demonstrate why the amendment should not be permitted. *See Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (holding that in the absence of such a showing, amendment should be allowed).

Defendants' response in opposition to the motion could be read to oppose amendment based on undue delay and, perhaps, futility. To the extent defendants argue Keller unduly delayed in seeking amendment, the court disagrees for the reasons stated under the Rule 16(b)(4) analysis above.

Defendants do not specifically argue that allowing Keller to amend the complaint would be futile, but they do note that no one acting in the capacity of the Estate's special administrator—be it Mr. Stuck or Keller—filed the Estate's survival claim "prior to the expiration of the statute

of limitations" on December 31, 2023. (ECF 37, at 6.) While this is true, FED. R. CIV. P. 15(c)(2) provides that "[a]n amendment of a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." "The linchpin to Rule 15(c) is notice [to the opposing party] before the limitations period expires." *Lemons v. Bd. of Cnty. Comm'rs,* No. 00-2292-KHV, 2001 WL 1717856, at *5 (D. Kan. Aug. 8, 2001) (quoting *Kidwell v. Bd. of Cnty. Comm'rs*, 40 F. Supp. 2d 1201, 1217 (D. Kan. 1998)). "If the original complaint fairly discloses the general fact situation out of which the new claims arise, a defendant is not deprived of the protection of the statute of limitations" and the new claim will be deemed to relate back. *Id.* Because there is no doubt here that defendants had notice of the factual situation giving rise to the Estate's survival claim at the time Keller filed the original complaint, the claim, as now asserted by the proper party in the amended complaint, is deemed timely. *See, e.g., id.* (permitting plaintiff-heirs to amend the capacity in which they brought estate's survival claim and holding the survival claim related back to the date of the original filing); *Shinkle v. Union City Body Co*., 94 F.R.D. 631, 638 (D. Kan. 1982) (giving plaintiffs an opportunity to amend the complaint to name the administrator of the estate and holding, "[s]ince there can be no prejudice to the defendants in granting a request to amend, such an amendment will be permitted to relate back to the filing of the original complaint"); *Hoskinson v. High Gear Repair, Inc.,* No. 11-1190-JTM-DJW, 2013 WL 4028804, at *8 (D. Kan. Aug. 7, 2013) (holding, "Plaintiff's proposed amendments, including her proposed substitution as special administrator of the decedent's estate, would relate back to the filing of the original complaint under Fed. R. Civ. P. 15(c)(1)(B)" such that amendment was not futile); *see also Metro. Paving Co. v. Int'l Union of Operating Engineers*, 439 F.2d 300, 306 (10th Cir. 1971) ("The fact that an applicable statute of limitations may have

run before the real parties were substituted is not significant where the change is merely formal and in no way alters the known facts and issues on which the action is based."). Thus, to the extent defendants assert amendment would be futile because the claim is untimely, the court finds otherwise.

Amendment is proper under Rule 15(a)(2). Given "the absence of any apparent or declared reason" to disregard Rule 15(a)'s mandate "that leave to amend 'shall be freely given,'" the court grants Keller's request to file an amended complaint. *Foman*, 371 U.S. at 182.[1]

**IT IS THEREFORE ORDERED** that Keller's motion for leave to file an amended complaint (ECF 33) is granted. Keller is directed to file her amended complaint as a separate docket entry by **September 19, 2024**.

Dated September 12, 2024, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge

[1] The proposed amended complaint drops as defendants Diversicare Kansas, LLC and Diversicare Healthcare Services, Inc.—two entities that defendants represent had no role in operating the nursing facility. (ECF 33, at 1 n.1.) Defendants do not oppose amendment on this basis, but state that the proper procedure for voluntary dismissal is a stipulation under FED. R. CIV. P. 41. (ECF 37, at 1-2.) Because the parties seem to agree that these two entities should be dismissed, the court permits their dismissal via this order. *See* FED. R. CIV. P. 41(a)(2).