IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KATHERINE KELLER as the surviving child of decedent, TREVA STUCK, and as the Special Administrator of the ESTATE OF TREVA STUCK,

                Plaintiff(s),

vs.

DIVERSICARE OF COUNCIL GROVE, LLC; DIVERSICARE MANAGEMENT SERVICES LP; DIVERSICARE HEALTHCARE SERVICES LLC

                Defendant(s).

Case No.  2:23-CV-02556-JWB-ADM

## ANSWER OF DEFENDANTS TO PLAINTIFFS' SECOND COMPLAINT FOR DAMAGES

Defendants Diversicare of Council Grove, LLC, Diversicare Management Services LP, Diversicare Healthcare Services LLC, by and through counsel, Don D. Gribble II of Hite, Fanning & Honeyman L.L.P., in answer to Plaintiffs' Complaint, allege and state as follows:

1. All allegations not specifically admitted to are denied.

2. Answering paragraph 1, it is admitted that Treva Stuck was a resident of Diversicare of Council Grove; however, allegations of negligence, fault, and the circumstances of Ms. Stuck's fall are denied.

3. Answering paragraph 2, it is admitted that Ms. Stuck died on 1/11/2022; however, allegations of negligence, fault, and the circumstances of Ms. Stuck's fall being avoidable are denied.

4. Answering paragraphs 3-7, the allegations are admitted that Ms. Keller is an adult, Ms. Keller is the surviving child of Ms. Stuck, Ms. Stuck was a resident of Kansas, and Ms. Stuck's estate is a resident of Kansas, however, the remaining allegations are denied.

5. Answering paragraph 8, no affirmative response is required.

6. Answering paragraphs 9-10, the corporate status of Diversicare of Council Grove, LLC as a Delaware LLC is admitted, but the extent to which it was "engaged in providing ancillary services to persons requiring such services by owning, operating, managing, maintaining, and controlling the facility" is denied.

7. Answering paragraph 11, due to the vague description and overbreadth of the allegations in terms of the time, scope, stated roles involved in said allegations, Defendants are without sufficient information to form a belief about the truth or accuracy of the allegations at this time; therefore, all allegations are denied.

8. Answering paragraph 12, the allegations are admitted.

9. Answering paragraphs 13-14, the corporate status of Diversicare Healthcare Services LLC as a Delaware LLC is admitted; however, the extent to which it was "engaged in providing ancillary services to persons requiring such services by owning, operating, managing, maintaining, and controlling the facility" is denied.

10. Answering paragraph 15, due to the overbreadth of the allegations in terms of the time, scope, and stated roles involved in said allegations, Defendants are without sufficient information to form a belief about the truth or accuracy of the allegations at this time; therefore, all allegations are denied.

11. Answering paragraphs 16-17, the allegations are denied.

12. Answering paragraph 18, the allegations are admitted as to the members of the LLCs being out-of-Kansas citizens.

13. Answering paragraphs 19-20, the corporate status of Diversicare Management Services LP as a Tennessee LP is admitted, but the extent to which it was "engaged in providing ancillary services to persons requiring such services by owning, operating, managing, maintaining, and controlling the facility" is denied.

14. Answering paragraph 21, due to the vague description and overbreadth of the allegations in terms of the time, scope, stated roles involved in said allegations, Defendants are without sufficient information to form a belief about the truth or accuracy of the allegations at this time; therefore, all allegations are denied.

15. Answering paragraphs 22-23, the allegations are denied.

16. Answering paragraph 24, the allegations are admitted as to the members of the LP being out-of-Kansas citizens.

17. Answering paragraph 25, no affirmative response is required.

18. Answering paragraphs 26-27, and all subparts, the allegations are denied as to the vague description and overbreadth of the allegations in terms of the time, scope, and roles/involvement of Defendants; the allegations are admitted only to the extent the same are specifically proven by the medical records, records produced during discovery, and deposition testimony of witnesses, otherwise, the allegations are denied as to these Defendants, and in all events allegations of negligence and fault against Defendants are denied.

19. Answering paragraph 28, the allegations are admitted as to the members of the LLCs being out-of-Kansas citizens.

20. Answering paragraph 29, the allegation is denied.

21. Answering paragraph 30, defendants admit diversity of citizenships, but the remainder of the allegations are denied as stated.

22. Answering paragraph 31, the allegations are denied as to the vague description and overbreadth of the allegations in terms of the time, scope, and roles/involvement of Defendants; all allegations of negligence and fault against Defendants are denied. Further, Defendants are without sufficient information to form a belief about the truth or accuracy of the allegations.

23. Answering paragraphs 32-34, the allegations are denied as stated.

24. Answering paragraph 35, no affirmative response is required.

25. Answering paragraphs 36-47, and all subparts, the allegations are denied as to the vague description and overbreadth of the allegations in terms of the time, scope, and roles/involvement of Defendants; all allegations of negligence and fault against Defendants are denied.

26. Answering paragraphs 48-82, and all subparts, the allegations are denied as to the vague description and overbreadth of the allegations in terms of the time, scope, and roles/involvement of Defendants; all allegations of negligence and fault against Defendants are denied. Further, all allegations of intentional misconduct and corporate malfeasance against Defendants are denied.

27. Answering paragraphs 83-91, and all subparts, due to the breadth of the allegations in terms of the time, scope, stated roles involved in said allegations, and the extent of each duty owed by each individual Defendant, Defendants are without sufficient information

to form a belief about the truth or accuracy of the allegation; all allegations of negligence and fault against Defendants are denied.

28. Answering paragraphs 92-93, the allegations are denied.

29. Answering "WHEREFORE" paragraph, the allegations are denied.

30. Answering paragraphs 94-102, and all subparts, due to the breadth of the allegations in terms of the time, scope, stated roles involved in said allegations, and the extent of each duty owed by each individual Defendant, Defendants are without sufficient information to form a belief about the truth or accuracy of the allegations; all allegations of negligence and fault against Defendants are denied.

31. Answering paragraphs 103-107, the allegations are denied.

32. Answering paragraph 108, no affirmative response is required.

33. Answering "WHEREFORE" paragraph, the allegations are denied.

34. Answering paragraphs 109-119 the allegations are denied.

35. Answering "WHEREFORE" paragraph, the allegations are denied.

36. Further answering, the doctrine of comparative fault applies and the fault of other persons or entities over whom or which Defendants have or had no control must be compared.

37. Further answering, to any extent applicable, the provisions of K.S.A. 40-3403(h) are asserted as defenses.

38. Further answering, plaintiffs' injuries and damages are not of the nature or extent alleged.

39. Further answering, if there has been a failure to properly mitigate damages, this defense is asserted herein.

40. Further answering, defendants claim all application of all limitations on damages and relief afforded by Kansas law, including, but not limited to, the statutory limit on wrongful death actions of $250,000 per K.S.A. 60-1903.

41. Further answering, defendants claim all application of all limitations on damages and relief afforded by Kansas law, including, but not limited to, the statutory limits on non-economic damages; specifically, plaintiffs' survival claims are limited to $325,000 per K.S.A. § 60-19a02, which survives *Hilburn v. Enerpipe Ltd.*, 442 P.3d 509 (Kan. 2019). Alternatively, *Hilburn v. Enerpipe Ltd.*, 442 P.3d 509 (Kan. 2019) does not apply to a medical malpractice action or nursing home actions and therefore, the elimination of the damages cap does not apply to this action and plaintiffs' survival claims limited to $325,000 per K.S.A. 60-19a02.

42. Further answering, defendants assert plaintiffs' have not set forth a proper claim for punitive damages per K.S.A. 60-3701 et. seq. and cases supportive therewith.

43. Further answering, defendants specifically reserve the right to plead additional affirmative defenses, pursuant to Fed. R. Civ. P. 8 and Fed. R. Civ. P. 15, as they become known and available during pendency of the case.

44. Further answering, defendants assert herein any applicable credit/set-off/allowance/adjustment/ accommodation for medical expenses that were credited, written off or otherwise extinguished or which may remain outstanding in accordance with *Martinez v. Milburn Enterprises*, Inc., 233 P.3d 205, 222 (Kan. 2010).

**WHEREFORE,** having fully answered, Defendants pray Plaintiffs take nothing by their claim for relief, for costs and for such other and further relief as the Court deems just and equitable.

## RULE 40.2(d) DEFENDANTS' JURY TRIAL DESIGNATION

Defendants request the jury trial of this matter be held in Topeka, Kansas as this is the most nearby jurisdiction to the physical location of where the care at issue allegedly occurred and where it is believed all of the witnesses pertinent to the liability issues could most easily commute based on where they work or reside.

/s/ *Don D. Gribble II* _____
Don D. Gribble II #12163
Mackenzie M. Baxter #27909
HITE, FANNING & HONEYMAN L.L.P.
100 N. Broadway, Ste. 950
Wichita, KS 67202-2209
Telephone: (316) 265-7741
Facsimile: (316) 267-7803
gribble@hitefanning.com
baxter@hitefanning.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of September, 2024, I electronically filed the foregoing Answer of Defendants with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

Jonathan Steele KS # 24852
2345 Grand Blvd., Suite 750
Kansas City, MO 64108
jonathan@jsteelelawfirm.com
*Attorney for Plaintiff*

/s/ *Don D. Gribble II*_____
Don D. Gribble II