UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KATHERINE KELLER, as the surviving child
of decedent Treva Stuck, et. al.,

                Plaintiffs,

vs.                                      Case No. 23-2556-ADM

DIVERSICARE OF COUNCIL GROVE, LLC,
et. al.,

                Defendants.

**MEMORANDUM AND ORDER**

This lawsuit arises from the fall and subsequent death of Treva Stuck while residing at a nursing home in Council Grove, Kansas. Ms. Stuck's daughter Katherine Keller (as Ms. Struck's heir at law) and Ms. Struck's Estate (through Keller as administrator) (together, "plaintiffs") assert claims for wrongful death and negligence against Diversicare of Council Grove, LLC and Diversicare Healthcare Services, LLC (together, "defendants"). The matter is set for trial on September 15, 2025. It is now before the court on Defendants' Motion to Designate Topeka as Place of Trial. (ECF 64.) By way of the motion, defendants ask the court to designate Topeka as the place of trial, rather than deferring to plaintiffs' designation of Kansas City as the place of trial. Plaintiffs have not responded to the motion, and the court therefore considers it uncontested. *See* D. Kan. Rule 7.1(c) (noting that, ordinarily, the court will grant uncontested motions "without further notice"). For this reason and because other factors favor Topeka as the place of trial, the court grants the motion.

"The court is not bound by the [parties'] requests for place of trial. It may determine the place of trial upon motion or in its discretion." D. Kan. Rule 40.2(e). "When determining the

proper place for trial, the court 'generally looks to the same factors relevant to motions for change in venue under 28 U.S.C. § 1404(a).'" *Walker v. Corizon Health, Inc.,* No. 17-2601-DDC-KGG, 2022 WL 1081188, at *1 (D. Kan. Apr. 11, 2022) (quoting *Lopez-Aguirre v. Bd. of Cnty. Comm'rs*, No. 12-2752-JWL, 2014 WL 853748, at *1 (D. Kan. Mar. 5, 2014) (internal modification omitted)). These factors include "(1) the plaintiff's choice of forum; (2) convenience of witnesses; (3) accessibility of witnesses and other sources of proof; (4) the possibility of obtaining a fair trial; and (5) all other considerations of a practical nature that make a trial easy, expeditious, and economical." *Renteral v. JNB Transp., LLC*, No. 23-2191-TC-TJJ, 2024 WL 3279034, at *1 (D. Kan. June 3, 2024). Ultimately, the court has broad discretion to set the place of trial "based on a case by-case review of convenience and fairness." *Walker,* 2022 WL 1081188, at *1 (quoting *ABF Freight Sys., Inc. v. McMillian*, No. 17-2324-JWL, 2018 WL 4154014, at *1 (D. Kan. Aug. 30, 2018)). The court, below, applies the § 1404(a) factors and finds that they weigh in favor of re-designating the trial location from Kansas City to Topeka.

### 1. Plaintiffs' Choice of Forum

The court generally defers to a plaintiff's choice of forum unless the plaintiff does not reside in the designated location or the facts giving rise to the lawsuit have no material relation or significant connection to the designated location. *Walker*, 2022 WL 1081188, at *2. Here, plaintiffs chose Kansas City as the place of trial. (ECF 4.) Defendants argue that the court should give this designation little weight because Keller does not reside in Kansas City, but instead resides in Arkansas. In addition, Ms. Stuck, while living, resided in Council Grove, and the relevant facts of the case took place in Council Grove. Council Grove is closer to Topeka (approximately 62 miles) than to Kansas City (approximately 122 miles). "Because the 'facts giving rise to the lawsuit have no connection to Kansas City,' and plaintiffs provide 'no personal connection to

2

Kansas City,'" the court reduces the weight attributed to this factor. *Id.* This factor is deemed to "just slightly" favor plaintiffs' choice of forum. *Id.*

### 2. Convenience and Accessibility of Witnesses and Evidence

"[T]he relative convenience of the forum is a primary, if not the most important, factor to consider in deciding a motion to transfer." *Gardiner v. McBryde*, No. 15-3151-DDC, 2021 WL 1140365, at *2 (D. Kan. Mar. 25, 2021) (quoting *Menefee v. Zepick*, No. 09-2127-JWL, 2009 WL 1313236, at *2 (D. Kan. May 12, 2009)). "A plaintiff's proposed forum must be 'substantially inconvenient' to warrant a change in forum." *Walker*, 2022 WL 1081188, at *3. "A proposed trial location is substantially inconvenient if all or practically all the witnesses reside in a different location and traveling to the proposed trial location would impose a substantial burden." *Gardiner*, 2021 WL 1140365, at *2; *see also Lopez-Aguirre*, 2014 WL 853748, at *2 (granting motion to designate Topeka, rather than Kansas City, as the place of trial because the "great majority of witnesses [were] located in the Topeka area" and holding trial in Kansas City would "cause much more disruption" to these witnesses).

As noted above, this litigation is centered around events that occurred in Council Grove, which is closer to Topeka than to Kansas City. Defendants have demonstrated that most fact witnesses reside closer to Topeka and would be substantially inconvenienced if required to travel to Kansas City to testify at trial. (ECF 65, at 2-5.) This includes defendants' employees and non-retained doctors and nurses who cared for Ms. Stuck. Ms. Stuck's surviving spouse also resides closer to Topeka than to Kansas City. Although Keller resides in Siloam Springs, Arkansas, which is about 55 miles closer to Kansas City than to Topeka, getting to either location will entail significant travel. Moreover, defendants suggest—and plaintiffs do not dispute—that Keller likely will be coming from Mr. Stuck's residence. Finally, plaintiffs' two expert witnesses reside out of

3

state, and in any event, their location is given little consideration. *See Walker,* 2022 WL 1081188, at *3 ("[W]itnesses who specifically agreed to be retained and participate in this case (and who are compensated for their time) should be less of a concern compared to the many more treating providers and fact witnesses who had no choice in their participation of the matter."). This important factor weighs in favor of designating Topeka as the place of trial.

### 3. Fair Trial

The court knows of no reason the parties could not have a fair trial in either Topeka or Kansas City and therefore gives no weight to this factor. *See Renteral*, 2024 WL 3279034, at *3.

### 4. Other Considerations

Defendants note that the nurses, hospice personnel, and hospital treating providers anticipated to testify would lose more time traveling to Kansas City than to Topeka, at the expense of patients who they otherwise could be treating. The court agrees that given the many providers who are expected to testify in this trial, this factor favors Topeka as the trial location. *See Walker,* 2022 WL 1081188, at *4 ("A Wichita trial is significantly more convenient for these medical practitioners . . . sav[ing] these witnesses around 12 hours in round-trip travel time—time they would lose treating patients."); *Spires v. Hosp. Corp. of Am.*, No. 06-2137-JWL, 2006 WL 1642701, at *3 (D. Kan. June 8, 2006) ("By forcing [treating medical professionals] to spend time traveling to Kansas City instead of treating patients, this would burden both these Wichita medical practitioners and their patients.").

After weighing all considerations, the court is persuaded that Topeka is the more convenient forum. Plaintiffs have presented no argument to the contrary. As a result, the court exercises its discretion and designates Topeka as the place of trial.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Designate Topeka as Place of Trial (ECF 64) is granted.

Dated February 18, 2025, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
